# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO.: 3:14-CV-471-DCK

| | |
|---|---|
| **GEORGE GIRGIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **INGLES MARKETS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

**THIS MATTER IS BEFORE THE COURT** upon joint motion of the parties, George Girgis (hereafter "Girgis" or "Plaintiff") and Defendant Ingles Markets, Inc. (hereafter "Ingles" or "Defendant"), for a protective order. Pursuant to the consent of the parties, this Protective Order ("Order") governing certain records, documents and information should be entered in this matter for the reason that one or both parties assert that this information is confidential, sensitive and/or proprietary.

The Parties therefore stipulate that:

1. "Confidential" as used herein refers to any personnel or business records, documents, or any other confidential or personnel-related information, however described, regarding Ingles' current and/or former employees or job applicants, Ingles' business, commercial, proprietary and financial information, its internal policies and procedures, Plaintiff's medical records (whether produced by Plaintiff or by Plaintiff's medical providers in response to a request and release from Defendant), Plaintiff's tax records, and any other confidential agreements or materials the parties may have. Copies of any such information

which a party contends is confidential may be stamped "CONFIDENTIAL" and/or be identified as "CONFIDENTIAL" or subject to a protective order in response to discovery requests. Such information shall be designated as CONFIDENTIAL only upon a good faith belief that the information falls within this definition.

2. All information in whatever form subject to this Protective Order, shall be used by the receiving party only in connection with the above-referenced action, <u>George Girgis v. Ingles Markets, Inc.</u>, which is pending in the United States District Court for the Western District of North Carolina, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

3. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

Agreement to abide by the terms of this Order shall be evidenced by compliance with the provisions of Paragraph 4 of this Order.

4. Each person examining the information subject to this Protective Order, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order. No person shall be allowed to disclose, by any means whatsoever, any such information or any notes arising therefrom until the person to whom disclosure is to be made has:

    a. Read this Order in its entirety; and

    b. Signed and dated a copy of **Exhibit A** signifying his/her agreement to its provisions and consent to the jurisdiction of the Court over his/her improper disclosure.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. No person who examines any information produced pursuant to this Order shall disseminate orally, in writing, or by any other means any such information to any other person not also authorized to examine information under the terms of this Order. Failure to abide by this provision may lead to sanctions, up to and including dismissal of this lawsuit with prejudice, or the striking of pleadings.

7. If original documents are produced for inspection pursuant hereto, the producing party and its attorneys of record have the right to have a person present in the inspection room at all times during the inspection of such documents. The original documents produced under the terms of this Order shall remain in the custody and control of the producing party at all times.

8. The production of any information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

9. Documents which have been labeled CONFIDENTIAL by either party shall, if filed as an attachment to any filing in this action via the Court's ECF system, be filed under seal only in accordance with the procedures in Local Rule 6.1.

10. Subject to the Federal Rules of Evidence and any final pretrial filing or order identifying trial exhibits, confidential information produced pursuant to this Order may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information.

11. At the conclusion of the action, counsel for each party may retain one complete set of all documents and exhibits which have been produced in the litigation. All other copies of information produced which has been stamped or otherwise deemed "CONFIDENTIAL" pursuant to this Protective Order, and all notes arising from the examination of such information, with the exception of notes made by an attorney for a party which contain the mental impressions, opinions, conclusions, or legal theories of the attorney, taken by whomever and whatever form, shall be surrendered to the producing party for destruction at the conclusion of the final proceedings of this lawsuit. All such information in the possession of counsel shall be either returned to the producing party or destroyed by counsel, at his or her option, within 10 days of receiving written request from a party for such information. Nothing in this Order shall prevent counsel for each party from retaining a complete record of the action for their files.

12. All information designated as confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged information shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

Signed: January 12, 2015

David C. Keesler
United States Magistrate Judge

As stipulated this the 9th day of January 2015.

| | |
|---|---|
| s/Jennifer D. Lucero<br>Jennifer D. Lucero<br>NC Bar No. 45505<br>*Attorney for Plaintiff*<br>LUCERO LAW, PLLC<br>5 W. Hargett Street, Suite 310<br>Raleigh, NC 27601<br>Telephone: 919.977.9128<br>Facsimile: 919.977.9147<br>E-mail: Jennifer@lucerolawpllc.com | s/Benjamin R. Holland<br>NC Bar No. 28580<br>*Attorney for Defendant*<br>OGLETREE, DEAKINS, NASH,<br>  SMOAK & STEWART, P.C.<br>201 South College Street, Suite 2300<br>Charlotte, NC 28244<br>Telephone: 704.342.2588<br>Facsimile: 704.342.4379<br>Email: ben.holland@ogletreedeakins.com<br><br>s/Lia A. Lesner<br>NC Bar No. 36895<br>*Attorney for Defendant*<br>OGLETREE, DEAKINS, NASH,<br>  SMOAK & STEWART, P.C.<br>201 South College Street, Suite 2300<br>Charlotte, NC 28244<br>Telephone: 704.342.2588<br>Facsimile: 704.342.4379<br>Email: lia.lesner@ogletreedeakins.com |

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled George Girgis v. Ingles Markets, Inc. have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court. I have read this Order in its entirety and agree to its provisions and consent to the jurisdiction of the Court over any improper disclosure.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

_____

DATED: _____

Signed in the presence of:

_____

(Attorney)

_____